# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BYRIN CARR,                    )
                               )
           Petitioner,         )
                               )
      v.                       )     No. CIV-04-177-S
                               )
MIKE MULLIN,                   )
                               )
           Respondent.         )

## ORDER

Petitioner, an inmate in the custody of the Oklahoma Department of Corrections and housed at the Oklahoma State Penitentiary, appearing pro se, has filed with this court a petition seeking federal habeas corpus relief.

On April 23, 2004, Petitioner filed a Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. Sec. 2254. In that petition, he is attacking the administration of his sentence. In particular, Petitioner challenges a misconduct report relating to his battering of a staff member on August 12, 2003. As a result of this misconduct, Petitioner ultimately received a punishment of 30 days in the detention unit, the revocation of 365 days of earned credits and the loss of canteen privileges for 45 days. Petitioner has exhausted his administrative remedies but has failed to exhaust his state court remedies. In his petition, he claims a state court remedy is unavailable as a result he did not pursue a claim in state court. However, in a subsequent pleading, Petitioner requested this court stay these proceedings so that he could exhaust his state court remedies.

In his petition, Petitioner alleges that he was denied due process by a disciplinary decision which is not supported by evidence. Petitioner clearly acknowledges that he has not sought relief in the state courts.

"A threshold question that must be addressed in every habeas case is that of exhaustion." Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. Coleman v. Thompson, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under Sec. 2241 or Sec. 2254." Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)(citing Coleman, 501 U.S. at 731). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. Sec. 2254 (b). See Clonce v. Presley, 640 F. 2d 271, 273 (10th Cir. 1981) and Bond v. Oklahoma, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeals or a post-conviction proceeding. Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 ( 10th Cir. 1994). "Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter." Smith v. Kansas, 356 F.2d 654, 656 (10th Cir. 1966). "The exhaustion doctrine requires a state prisoner to fairly present a claim to the state courts before a federal court will examine them." Pickard v. Connor, 404 U.S. 270, 275 (1971)

After a careful review of the record, the court finds that Petitioner does have a state court remedy and has failed to

2

exhaust this remedy. When an Oklahoma prisoner complains about the due process afforded him in a prison disciplinary hearing, the Oklahoma Court of Criminal Appeals clearly provides him with a remedy in the form of a mandamus.  After the exhaustion of administrative remedies, an Oklahoma prisoner can seek relief for his due process claims in the state courts.  57 O.S.A. Sec. 564.1 (2001) and <u>Dunn v. Ramsey</u>, 936 P.2d 347, 349 (Okla. Crim. App. 1997)(acknowledging that a prisoner may file a petition for writ of mandamus asserting that prison officials did not provide minimum statutory due process requirements during disciplinary hearings.);  <u>Johnson v. Department of Corrections</u>, 916 P.2d 264, 265 (Okla. Crim. App. 1996) ("A writ of mandamus is appropriate against prison officials when a prisoner's minimum due process rights have been violated."); <u>Canady v. Reynolds</u>, 880 P.2d 391, 401 (Okla. Crim. App. 1996)("Mandamus provides a vehicle for inmates to ensure due process is provided within the Department of Corrections disciplinary system.") The court cannot excuse his failure to exhaust state court remedies, "unless it is affirmatively shown that resort to them would be useless." <u>Clonce v. Presley</u>, 640 F.2d 271, 273 (10th Cir. 1981)(citing <u>Lewis v. New Mexico</u>, 423 F.2d 1048 (10th Cir. 1970)). Petitioner has failed to make this showing.  In fact, Petitioner has acknowledged his failure to exhaust available state court remedies when he requested a stay of these proceedings so he could pursue his available remedies.  Petitioner clearly had the right to file a writ of mandamus to challenge the disciplinary hearing, but simply failed to do it.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus is **DENIED**, and this action is, in all respects, **DISMISSED**.

3

**IT IS SO ORDERED** this 19th day of September, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma